IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALAN RIVERS, | ) | CIVIL NO. 08-00508 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY & COUNTY OF HONOLULU, | ) | |
| HONOLULU POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JURY VERDICT, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

Before the Court is Plaintiff Alan Rivers' ("Plaintiff") Motion for Relief from Jury Verdict, or in the Alternative, Motion for a New Trial ("Motion"), filed on May 29, 2009.  Defendant City and County of Honolulu, Honolulu Police Department ("Defendant") filed its memorandum in opposition on June 15, 2009.  Plaintiff did not file a reply.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural history of this Court.  This Court will only

recount the events that are relevant to the instant Motion.

The jury trial in this matter began on May 5, 2009. Plaintiff rested his case on May 8, 2009. Defendant made a oral motion for judgment as a matter of law, which the Court took under advisement. Defendant rested its case on May 12, 2009. On May 14, 2009, Defendant renewed its oral motion for judgment as a matter of law, and the Court took the matter under advisement. Plaintiff did not move for judgment as a matter of law. After closing arguments, the case was submitted to the jury, which returned a verdict shortly thereafter. The jury's special verdict form consisted of the following questions pertinent to the instant Motion:

> 1. Did Plaintiff prove by a preponderance of the evidence that Defendant Honolulu Police Department subjected Plaintiff to an adverse employment action, that is, Andrew Tsukano's action in suspending Plaintiff from duty on September 15, 2003, the Internal Affairs investigation for the alleged swearing and insubordination on September 15, 2003, the administrative investigation for alleged failure to report to duty on time and for being out of uniform while on duty on September 22, 2003, removing him from the Field Training Officers program on October 23, 2003 for one month because he was under administrative investigation, or the one-day suspension given on March 2, 2004 by Chief Donahue for Plaintiff's actions on September 15, 2003?
> . . . .
>
> 2. Did Plaintiff prove by a preponderance of the evidence that Plaintiff was subjected to an adverse employment action because he filed a complaint against Alan Anami?
> . . . .

>        3.   Did Plaintiff prove by a preponderance
> of the evidence that an adverse employment action
> caused him to sustain damages?

[Special Verdict Form, filed 5/14/09 (dkt. no. 123), at 2-3.] The jury responded "no" to all three questions.  [Id.]

On May 14, 2009, the Special Verdict Form was read and the jury was polled.  The verdict in favor of Defendant and against Plaintiff was unanimous.  The Court excused the jurors and orally denied Defendant's motion for judgment as a matter of law.[1]  Judgment was issued later that day.

In the instant Motion, Plaintiff argues that the jury's verdict is against the clear weight of the evidence.  Plaintiff notes that the parties stipulated that he engaged in a protected activity by filing a sexual harassment complaint against Lieutenant Alan Anami for inappropriate remarks that he made during line-up on March 18, 2003.  Plaintiff argues that the jury's finding that he was not subjected to adverse employment action is against the clear weight of the evidence.  Plaintiff presented uncontroverted evidence at trial that he was subjected to: a 3.75 hour suspension; an administrative investigation; an Internal Affairs ("IA") investigation; removal from the Field Training Officers ("FTO") Program for one month; and a one-day

---

[1] On May 18, 2009, this Court issued its written order denying Defendant's original motion for judgment as a matter of law and Defendant's renewed motion for judgment as a matter of law.

suspension.  In order to find that none of these constituted an adverse employment action, the jury had to find that each was a petty slight and/or a minor annoyance.  Plaintiff contends that no reasonable jury could have made such a finding.  Plaintiff also argues that the jury's twenty-eight-minute deliberation indicates that it did not adequately consider all of the evidence in this case.

Plaintiff further contends that the jury should have answered "yes" to the question which asked whether he proved by a preponderance of the evidence that he was subjected to an adverse employment action <u>because</u> he filed a complaint against Lieutenant Anami.  The evidence at trial showed that, as a result of Plaintiff's complaint against Lieutenant Anami, there was an IA investigation of the incident and Lieutenant Anami was issued a written reprimand.  Lieutenant Anami also was removed from his position as the line-up lieutenant and was transferred to another watch.  When Plaintiff informed Sergeant Harold Uehara that he wanted to file complaint against Lieutenant Anami, Sergeant Uehara said that it would hurt Lieutenant Anami's chances of promotion to captain.  During the trial, which occurred six years after Plaintiff's complaint against him, Lieutenant Anami testified that he still has not been promoted to captain.  Plaintiff argues that it would be reasonable to infer that Lieutenant Anami was not happy about these consequences of

Plaintiff's complaint.

Plaintiff emphasizes that Sergeant Andrew Tsukano and Lieutenant Anami are friends and that the September 15, 2003 Harding Avenue incident, during which Sergeant Tsukano suspended Plaintiff, occurred approximately one month after Lieutenant Anami received his reprimand for the line-up incident. Plaintiff also argues that various testimonial and documentary evidence presented in this case indicated that Sergeant Tsukano had other reasons for being angry at Plaintiff besides Plaintiff's conduct during the Harding Avenue incident. Plaintiff asserts that the only reasonable explanation for Sergeant Tsukano's actions toward Plaintiff was that he wanted to retaliate against Plaintiff for the Anami complaint. Plaintiff further argues that the findings in Equal Employment Investigator Christopher Jay's report and the Equal Employment Opportunity Commission's ("EEOC") September 26, 2005 determination letter provide further support of the causal connection between the Anami complaint and the adverse employment actions Plaintiff suffered.

Finally, Plaintiff argues that his superiors who subjected him to the adverse employment actions were aware that he made a complaint against Lieutenant Anami because they were part of the same chain of command that was responsible for the investigation into Plaintiff's complaint. Plaintiff therefore argues that the jury's finding that he did not establish

causation was against the clear weight of the evidence. Plaintiff asks this Court to "reverse the jury's verdict and grant Plaintiff a new trial." [Motion at 15.]

In its memorandum in opposition, Defendant first argues that Plaintiff cannot seek judgment notwithstanding the verdict because he did not make a motion for judgment as a matter of law before the Court submitted the case to the jury.  Defendant also argues that the Court should deny Plaintiff's request for a new trial because the jury's verdict was not against the clear weight of the evidence presented.

Defendant contends that the jury's finding that Plaintiff was not subjected to adverse employment action was sufficiently supported by the evidence at trial.  The evidence presented established that Defendant's employment actions were legitimate responses to Plaintiff's misconduct.  Further, the initial 3.75 hour suspension was rescinded and Plaintiff's pay for that time was restored.  He also was given fair process during the investigation into and the hearing regarding his actions during the Harding Avenue incident.  As to the investigation for failing to report on time, Plaintiff was not disciplined because the investigation confirmed that he was conducting union business.  As to the investigation for being out of uniform while on duty, Plaintiff admitted the he was not in his full uniform.  Further, Plaintiff was only given written

counseling.  Finally, Plaintiff's suspension from the FTO Program was authorized under the program rules and Plaintiff was reinstated to the program after a month.  The jury therefore reasonably found that these employment actions would not dissuade a reasonable employee from making a sexual harassment complaint.

Defendant also argues that the evidence supports the jury's finding that Plaintiff did not prove causation.  There is an insufficient temporal proximity between Plaintiff's complaint against Anami and the alleged adverse employment actions.  The one-day suspension occurred over a year after the line-up incident and all of the other actions occurred more than six months after the line-up incident.  Defendant argues that Plaintiff's misconduct at the Harding Avenue incident was the cause of his suspension and his failure to be dressed in uniform was the cause of his written reprimand.  The investigations regarding these two incidents caused Plaintiff's suspension from the FTO Program.  Thus, the alleged adverse employment actions were legitimate, reasonable responses to Plaintiff's misconduct.  Defendant also argues that, even if Sergeant Tsukano did tell Sergeant Uehara had he had to pursue Plaintiff's suspension because "Anami, now this", the statement does not establish that Plaintiff's complaint against Anami was the reason for the suspension.

Defendant points out that Investigator Jay, who did not

testify at trial, never concluded that there was a causal link between Plaintiff's complaint against Anami and Plaintiff's suspension. Investigator Jay noted that the nature and the intensity of the situation at Harding Avenue were apparently some of the contributing factors to the events that occurred. Defendant asserts that both Plaintiff and Sergeant Tsukano lost their tempers and therefore both were disciplined. Thus, Investigator Jay's report does not prove causation. Further, the EEOC determination letter was only a finding of "reasonable cause". Plaintiff did not provide any evidence of what the EEOC's investigation consisted of, and Plaintiff admitted that the EEOC did not conduct a hearing before issuing the determination. Defendant also emphasizes that the record is devoid of any evidence of any negative actions or intent by Sergeant Tsukano against Plaintiff prior to the Harding Avenue shooting. Defendant therefore argues that there is no evidence of a causal link between Plaintiff's complaint against Anami and the alleged adverse employment actions.

## DISCUSSION

### I.  Judgment as a Matter of Law

Plaintiff's Motion seeks relief from the jury verdict or, in the alternative, a new trial. To the extent that the Motion is a motion for the entry of judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), Plaintiff is

precluded from seeking such relief because he did not make a Rule 50(a) motion for judgment as a matter of law before the case was submitted to the jury.  See Tortu v. Las Vegas Metro. Police Dep't, 556 F.3d 1075, 1083 (9th Cir. 2009) ("Failing to make a Rule 50(a) motion before the case is submitted to the jury forecloses the possibility of considering a Rule 50(b) motion."). Thus, to the extent that Plaintiff seeks relief under Rule 50(b), the Motion is DENIED.

## II. **New Trial**

Plaintiff seeks a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1), which states, in pertinent part:

> The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]

Thus, Rule 59(a)(1)(A) itself does not identify the grounds that a court can rely on to grant a new trial, but it binds the court to historically recognized grounds.  See Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007).  The Ninth Circuit has stated that:

> Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940).  We have held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear

> > weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n. 15 (9th Cir.2000).
>
> Id. (alteration in original).
>
> In the present case, Plaintiff argues that the jury's findings, and its ultimate verdict, were against the clear weight of the evidence. Where a party argues that a verdict was against the clear weight of the evidence,
>
> > [i]n most cases, the judge should accept the findings of the jury; however, if the judge is left with the definite and firm conviction that a mistake has been committed, he may grant a new trial:
> >
> > > On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. . . . If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.
> >
> > Landes [Const. Co. v. Royal Bank of Canada], 833 F.2d [1365,] 1371-72 [(9th Cir. 1987)] (internal quotation and citations omitted). "The judge can weigh evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing

party." Id.

Wiles v. Dep't of Educ., 593 F. Supp. 2d 1176, 1179 (D. Haw. 2008) (ellipse in original).

### A.  **Adverse Employment Action**

This Court instructed the jury that Plaintiff had the burden to prove that he, (1) engaged in a protected activity, (2) suffered an adverse employment action, and (3) that the adverse employment action occurred because of the protected activity. [Jury Instructions, filed 5/14/09 (dkt. no. 119), at 21-22 (Instruction No. 17).] See also Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008).

The parties stipulated that Plaintiff engaged in a protected activity when he made the complaint against Lieutenant Anami.

As to the second element, this Court instructed the jury that: "An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of sexual harassment. Petty slights and minor annoyances are not materially adverse employment actions." [Jury Instructions at 25 (Instruction No. 20).] The alleged adverse employment actions were:

> Andrew Tsukano's action in suspending Plaintiff from duty on September 15, 2003, the Internal Affairs investigation for the alleged swearing and insubordination on September 15, 2003, the

11

>     administrative investigation for alleged failure
>     to report to duty on time and for being out of
>     uniform while on duty on September 22, 2003,
>     removing him from the Field Training Officers
>     program on October 23, 2003 for one month because
>     he was under 2 administrative investigations, or
>     the one-day suspension given on March 2, 2004 by
>     Chief Donahue for Plaintiff's actions on September
>     15, 2003.

[Jury Instructions, filed 5/14/09 (dkt. no. 119), at 21-22 (Instruction No. 17).]

Plaintiff did establish that all of these actions occurred and that these actions would dissuade him from making future sexual harassment complaints. Plaintiff argues that, in order to find that he was not subjected to an adverse employment action, the jury must have found that each of the alleged adverse employment actions was a petty slight or minor annoyance. Plaintiff's argument is misplaced. A "materially adverse" action is one that would have likely "dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (citations and quotation marks omitted). Petty slights and minor annoyances do not constitute materially adverse employment actions, see id., but that does not mean that petty slights and minor annoyances are the only actions which do not qualify as materially adverse. An action can be more than a petty slight or a minor annoyance but still not be enough to dissuade a reasonable worker from making or supporting a discrimination complaint.

There was evidence at trial that the 3.75 hour suspension was rescinded and reduced to a written counseling.  No action was taken as a result of the administrative investigation into Plaintiff's failure to report to work on time because the investigation confirmed that he was conducting union business.  Plaintiff only received written counseling as a result of the administrative investigation into his failure to be in uniform while on duty.  Further, after a full investigation into Plaintiff's conduct during the Harding Avenue incident and a hearing before the Administrative Review Board ("ARB"), Police Chief Lee Donahue imposed a one-day suspension, despite the fact that the ARB recommended a ten-day suspension.  Finally, Plaintiff was suspended from the FTO Program because he was under two investigations, but he was reinstated after a month and he had previously made complaints about the fact that he believed that he was not receiving his fair share of recruits in the program.

Having considered all of the evidence in this case with due deference to the jury's findings, the Court is not left with a definite and firm conviction that the jury made a mistake in finding that Plaintiff was not subjected to materially adverse employment action.  The Court acknowledges that there was clear evidence that the actions would dissuade Plaintiff from making or supporting a sexual harassment claim.  The Court, however, finds

that Plaintiff did not prove that the actions would likely dissuade a *reasonable* employee from making or supporting a sexual harassment claim.  Plaintiff's demeanor during his testimony and throughout the trial clearly shows that he is an extremely sensitive person and that his reactions are not necessarily indicative of how a reasonable employee would respond.

This Court cannot conclude that the jury's finding that Plaintiff was not subjected to a materially adverse employment action was against the clear weight of the evidence.

  **B.** **Causation**

Plaintiff also argues that the jury's finding that he failed to prove a causal link between the adverse employment action and the Anami complaint was against the clear weight of the evidence.  Plaintiff points to the temporal proximity between the line-up incident, Lieutenant Anami's discipline for the incident, and the adverse employment actions against Plaintiff. Lieutenant Anami and Sergeant Tsukano were friends, and Plaintiff argues that the evidence shows that Sergeant Tsukano clearly overreacted to Plaintiff's actions during the Harding Avenue incident.  Plaintiff asserts that the only reason for Sergeant Tsukano's actions was that he was retaliating against Plaintiff for the Anami complaint.  Plaintiff points to the following statements attributed to Sergeant Tsukano: when asked whether he was pursuing Plaintiff's suspension, he replied "I have to,

14

Anami, now this"; he told his sergeant that he "f-ed up" at the Harding Avenue incident and he apologized; and he told another officer that one day he and Plaintiff were going to fight.[2]  He also argues that Investigator Jay's report and the EEOC determination letter are additional evidence of causation.

On the other hand, there was extensive evidence regarding the events of the Harding Avenue incident leading up to Plaintiff's suspension.  Plaintiff himself admitted that he was wrong to swear at Sergeant Tsukano, a superior officer, and that this was a violation of the standards of conduct.  Defendant admits that Sergeant Tsukano lost his temper, but Defendant argues that there is no evidence he reacted that way because Plaintiff made a complaint against Lieutenant Anami.  The shooting and pursuit on Harding Avenue was an intense, dangerous situation that police officers do not encounter on a regular basis, and tensions were running high.  Sergeant Tsukano lost his temper, but the evidence at trial indicated that it was because he was displeased with Plaintiff's conduct during the incident.  There was no evidence of any prior problems between Plaintiff and Sergeant Tsukano prior to that point.  Defendant therefore argues that it would not be reasonable to believe that, six months after the Anami complaint, Sergeant Tsukano would suddenly retaliate

---

[2] The Court notes that Defendant disputes whether Sergeant Tsukano actually made these statements.

against Plaintiff.  Defendant also argues that, even if Sergeant Tsukano made the alleged statements, which he denied, none of them prove that Sergeant Tsukano suspended Plaintiff because of the Anami complaint.  Having considered all of the evidence, and giving due deference to the jury's findings, this Court does not have a definite and firm conviction that the jury made a mistake.  This Court cannot conclude that the jury's finding that Plaintiff failed to prove that Sergeant Tsukano suspended him because of the Anami complaint was against the clear weight of the evidence.

As to the other alleged adverse employment actions, there was no other evidence of causation to support the alleged temporal proximity and the decision-makers' knowledge of the Anami complaint.  While "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity," Davis, 520 F.3d at 1094 (citations and quotation marks omitted), this Court must consider all of the evidence at trial.  For example, Sergeant Richard Robinson, who suspended Plaintiff from the FTO Program, testified that he was aware of Lieutenant Anami's comment during line-up and Plaintiff's complaint.  Sergeant Robinson agreed that Lieutenant Anami's inappropriate comment warranted discipline and he testified that Plaintiff's complaint against Anami was not a factor Plaintiff's suspension from the program.  The program's rules authorize suspension when an officer is under two

investigations and, in particular, Sergeant Robinson considered the IA investigation into Plaintiff's conduct during the Harding Avenue incident to be a serious matter which he believed could adversely affect a new officer assigned to work with Plaintiff in the program.  There is no evidence in the record which would cast doubt upon the truthfulness of Sergeant Robinson's testimony.

Having considered all of the evidence, giving due deference to the jury's findings, this Court is not left with a firm and definite conviction that the jury made a mistake.  This Court cannot conclude that the jury's finding that Plaintiff failed to prove causation as to the two investigations, the suspension from the FTO Program, and the one-day suspension was against the clear weight of the evidence.  Plaintiff has not established any grounds that would warrant a new trial.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Relief from Jury Verdict, or in the Alternative, Motion for a New Trial, filed May 29, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ALAN RIVERS V. CITY & COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT; CIVIL NO. 08-00508 LEK; ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JURY VERDICT, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**